IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| OPERATING ENGINEERS LOCAL NO. 101 PENSION FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | No. 08-2219-KHV |
| D.F. FREEMAN CONTRACTORS, INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiffs' Motion for Default Judgment (Doc. #5) filed July 29, 2008. Plaintiffs originally brought suit against D.F. Freeman Contractors ("Freeman"), alleging violations of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132 and 1145. Defendant's alleged violations include failure to make appropriate contributions on behalf of its employees to the plaintiff funds and failure to pay membership dues due and owing the plaintiff union, pursuant to Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. Plaintiffs now seek a judgment by default against defendant in the following amounts:

| | |
|---|---|
| Contributions: | $14,911.18 |
| Liquidated Damages: | $ 1,491.12 |
| Interest: | $ 178.38 |
| Costs: | $ 518.00 |
| Attorney's fees: | $ 582.25 |
| **TOTAL:** | **$17,680.93** |

Plaintiffs filed their original complaint on May 9, 2008 and personally served defendant on May 28, 2008. See (Doc. #2). Following defendant Freeman's failure to appear or defend the case, plaintiffs filed their application for entry of default on July 8, 2008. The clerk entered default against

Freeman on that day and plaintiffs subsequently filed their motion for default judgment on July 29, 2008. Defendant has filed no response in opposition to plaintiffs' motion for default judgment.

## **Contributions**

Section 502(g)(2)(A) of ERISA requires that the court award all unpaid contributions to any fund when a fiduciary brings an action to recover contributions under Section 1145 of the statute. See 19 U.S.C. § 1132(g)(2)(A). In addition, Rule 54(c) of the Federal Rules of Civil Procedure limits the Court's discretion to fashion an appropriate award as part of a default judgment. Rule 54(c) provides:

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Fed. R. Civ. P. 54(c). Rule 54(c) effectively limits a plaintiff's award on default to the amount of relief requested in the complaint.

The rule exists to provide defendants with due process concerning the amount of damages at issue. Albert v. Wesley Health Servs., No. 00-2067-KHV, 2001 WL 503241, at *1, (D. Kan. May 10, 2001). This Court has permitted the upward adjustment of a defendant's liability beyond that provided in the complaint when notice of the amended request for damages was served upon a defendant by way of a motion for default judgment. See Stafford v. Jankowski, 338 F. Supp.2d 1225, 1228 (D. Kan. 2004) (following Appleton Elec. v. Graves Truck Line, Inc., 635 F.2d 603, 610-11 (7th Cir. 1980). In Stafford, the Honorable Carlos Murguia permitted an entry of a default judgment that awarded relief beyond that requested in the original complaint. Stafford, 338 F. Supp. 2d at 1228-9. Judge Murguia held that the increased award did not violate Rule 54(c), because

Freeman on that day and plaintiffs subsequently filed their motion for default judgment on July 29, 2008. Defendant has filed no response in opposition to plaintiffs' motion for default judgment.

## **Contributions**

Section 502(g)(2)(A) of ERISA requires that the court award all unpaid contributions to any fund when a fiduciary brings an action to recover contributions under Section 1145 of the statute. See 19 U.S.C. § 1132(g)(2)(A). In addition, Rule 54(c) of the Federal Rules of Civil Procedure limits the Court's discretion to fashion an appropriate award as part of a default judgment. Rule 54(c) provides:

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Fed. R. Civ. P. 54(c). Rule 54(c) effectively limits a plaintiff's award on default to the amount of relief requested in the complaint.

The rule exists to provide defendants with due process concerning the amount of damages at issue. Albert v. Wesley Health Servs., No. 00-2067-KHV, 2001 WL 503241, at *1, (D. Kan. May 10, 2001). This Court has permitted the upward adjustment of a defendant's liability beyond that provided in the complaint when notice of the amended request for damages was served upon a defendant by way of a motion for default judgment. See Stafford v. Jankowski, 338 F. Supp.2d 1225, 1228 (D. Kan. 2004) (following Appleton Elec. v. Graves Truck Line, Inc., 635 F.2d 603, 610-11 (7th Cir. 1980). In Stafford, the Honorable Carlos Murguia permitted an entry of a default judgment that awarded relief beyond that requested in the original complaint. Stafford, 338 F. Supp. 2d at 1228-9. Judge Murguia held that the increased award did not violate Rule 54(c), because

Freeman on that day and plaintiffs subsequently filed their motion for default judgment on July 29, 2008. Defendant has filed no response in opposition to plaintiffs' motion for default judgment.

## **Contributions**

Section 502(g)(2)(A) of ERISA requires that the court award all unpaid contributions to any fund when a fiduciary brings an action to recover contributions under Section 1145 of the statute. See 19 U.S.C. § 1132(g)(2)(A). In addition, Rule 54(c) of the Federal Rules of Civil Procedure limits the Court's discretion to fashion an appropriate award as part of a default judgment. Rule 54(c) provides:

> A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings.

Fed. R. Civ. P. 54(c). Rule 54(c) effectively limits a plaintiff's award on default to the amount of relief requested in the complaint.

The rule exists to provide defendants with due process concerning the amount of damages at issue. Albert v. Wesley Health Servs., No. 00-2067-KHV, 2001 WL 503241, at *1, (D. Kan. May 10, 2001). This Court has permitted the upward adjustment of a defendant's liability beyond that provided in the complaint when notice of the amended request for damages was served upon a defendant by way of a motion for default judgment. See Stafford v. Jankowski, 338 F. Supp.2d 1225, 1228 (D. Kan. 2004) (following Appleton Elec. v. Graves Truck Line, Inc., 635 F.2d 603, 610-11 (7th Cir. 1980). In Stafford, the Honorable Carlos Murguia permitted an entry of a default judgment that awarded relief beyond that requested in the original complaint. Stafford, 338 F. Supp. 2d at 1228-9. Judge Murguia held that the increased award did not violate Rule 54(c), because

while the complaint asked for unspecified "non-economic damages," the later filed motion for default judgment specified an exact amount of non-economic damages ($500,000). Id.

Here, plaintiffs originally alleged unpaid contributions to the plaintiff funds in the amount of $8,704.00. See Complaint (Doc #1) at 7. Plaintiffs then filed their motion for default judgment seeking unpaid contributions of $14,911.18. See Motion for Default Judgment (Doc #5) at 3. Plaintiffs offer no reasoning for the change in the amount of unpaid contributions being sought, and Rule 54(c) precludes plaintiffs' upward amendment of the damages specified in the complaint. This matter is unlike Stafford where the complaint sought a general category of damages and plaintiff later provided support for a specific amount of those damages following default. Here, plaintiffs specifically sought $8,704.00 in delinquent contributions and Rule 54(c) protects defendants from default judgment in a larger amount. Defendant's decision not to appear or defend in this matter may well have been based on the specific amount of damages originally sought by plaintiffs in their complaint, which was lower than the amount later sought in plaintiffs' motion for default judgment. In light of this distinction from Stafford, judgment is proper in favor of plaintiffs in the amount of $8,704.00, the original amount prayed for in the complaint.

**Liquidated Damages**

Section 502(g)(2)(C) of ERISA requires recovery of liquidated damages as provided for under the plan in an amount not in excess of 20 percent of the unpaid contribution amount determined by the court. See 19 U.S.C. § 1132(g)(2)(C)(ii). Plaintiffs request $1,491.12 in liquidated damages and reference the plan's collective bargaining agreement as authority for this amount. See Complaint (Doc. #1) at 6. The record does not include a copy of the plan or the collective bargaining agreement, nor does the record establish any basis for the 10 per cent

liquidated damages which plaintiffs seek. Plaintiffs have failed to prove that the plan provides for liquidated damages in any amount. Plaintiffs' request for liquidated damages is hereby denied.

### **Interest**

Section 502(g)(2)(B) of ERISA requires recovery of interest accrued on an employer's unpaid contributions into a qualified ERISA plan. See 19 U.S.C. § 1132(g)(2)(B). Interest on unpaid contributions is determined by using the rate provided under the plan, or, if none is provided under the plan, the rate prescribed under Section 6621 of Title 26. See 29 U.S.C. § 1132(g)(2)(E).

Plaintiffs request $178.38 of accrued interest, but fail to specify how they arrived at this number. Plaintiffs do not establish what authority they rely on for determining this value either in their complaint or in their motion for default judgment. In addition, plaintiffs fail to specify whether the interest is determined for one month or both months of the period of defendant's non-payment. Under the statutory provision, this information would be determinative in calculating the proper interest award.

Because plaintiffs have failed to specify whether they are relying on a specific plan provision for determining interest or on the statutory provision for determining interest, plaintiff's request for $178.38 is denied.

### **Costs**

Section 502(g)(2)(D) of ERISA requires recovery of reasonable attorney's fees and costs incurred during any action to enforce an employer's payment into a qualified plan. See 19 U.S.C. § 1132(g)(2)(D).

Plaintiffs request judgment against defendant for attorney's fees and costs in the amount of $1100.25. Plaintiffs' original complaint does not allege a specific amount of fees and costs incurred

by plaintiffs. See Complaint (Doc #1) at 8. Plaintiffs' motion for default judgment establishes that they incurred $518.00 in costs and $582.25 in attorneys fees as part of this action to enforce payment. See Motion for Default Judgment (Doc #5) at 2; Affidavit of Martin W. Walter (Doc 5-3) at 1-3.

Because plaintiffs gave notice in their complaint of their general intention to seek costs and fees under Section 502(g)(2) and later specified the exact amount of costs and fees incurred, plaintiff's request for $1,100.25 is granted.

## CONCLUSION

THE COURT FINDS that entry of default judgment is proper pursuant to Federal Rule of Civil Procedure 55.  However, plaintiff's proposed judgment is modified to conform to the pleadings.

IT IS HEREBY ORDERED that the clerk is directed to enter Default Judgment against defendant D.F. Freeman Contractors, Inc. and in favor of the plaintiffs in the following amounts:

| | |
|---|---|
| Contributions: | $ 8,704.00 |
| Costs: | $ 518.00 |
| Attorney's fees: | $ 582.25 |
| **TOTAL:** | **$ 9,804.25** |

IT IS SO ORDERED THIS 24TH DAY OF SEPTEMBER, 2008.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge